Grafton,  
Dec., 1894.

## DAVIS v. SMITH.

The promissory note of a married woman, given for the purpose of preventing a criminal prosecution against her husband, is void.

BILL IN EQUITY, praying that the defendant be enjoined from the further prosecution of a suit for foreclosure on real estate mortgaged to him by the plaintiff, and from removing, selling, or in any way interfering with certain personal property described in a chattel mortgage from the plaintiff to the defendant; and that he be commanded to cancel and surrender said mortgages and the note secured thereby.

*Burleigh & Adams*, for the plaintiff.

*Alvin F. Wentworth* and *Jewell & Stone*, for the defendant.

SMITH, J. There was an admitted deficit in the treasury of the Pemigewasset Mutual Relief Association of $6,116.20. Davis, the president, Smith, the treasurer, and Story, the secretary, promised the insurance commissioner to pay that sum to him, and did pay it, in trust for the claimants against the association. The money was raised by Smith and Story, who strenuously insisted that Davis should contribute his proportionate share. He had no property and was unable to contribute anything. Smith and Story applied to the plaintiff, wife of the president of the association, and emphatically gave her to understand that she must assist them. All the officers understood that criminal proceedings would be instituted against them unless the demands of the commissioner for a further payment of $3,000 to cover an alleged deficit were speedily complied with. They so informed the plaintiff, and she so believed. Under these circumstances, she executed and delivered to the defendant her promissory note for $1,500, a mortgage of certain lands in Campton, and a chattel mortgage of her household furniture and other personal property. In executing the note and mortgages, she was actuated solely by the belief that otherwise her husband would have to meet a criminal prosecution.

The note and mortgages given under such circumstances cannot be deemed valid and binding. It was decided in *Armstrong* v. *Toler*, 11 Wheat. 258, that if a promise is entirely disconnected with the illegal act and is founded on a new consideration, it is not affected by the act, although it was known to the party to whom the promise was made, and although he was the contriver

and conductor of the illegal act. In this case, however, the sole consideration for the note was the plaintiff's fear of a criminal prosecution against her husband, induced by the representations made by the defendant for the express purpose of obtaining it. It was given in expectation of and for the purpose of preventing such prosecution, and is void. *Richardson* v. *Duncan,* 3 N. H. 508; *Plumer* v. *Smith,* 5 N. H. 553; *Severance* v. *Kimball,* 8 N. H. 386; *Shaw* v. *Spooner,* 9 N. H. 197; *Alexander* v. *Pierce,* 10 N. H. 494; *Clark* v. *Pease,* 41 N. H. 414; *Merrill* v. *Carr,* 60 N. H. 114; *Bank* v. *Buzzell,* 61 N. H. 612; *Proctor* v. *Lane,* 62 N. H. 457. A party who pays money under duress may recover it back. *Richardson* v. *Duncan, supra.*

*Decree for the plaintiff.*

BLODGETT, J., did not sit : the others concurred.